# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | CASE NO. 1:12-cv-01808-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| COALINGA STATE HOSPITAL, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

I.     **Screening Requirement and Standard**

Plaintiff Richard S. Kindred, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 5, 2012. The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Discussion

### A.    Summary of Claims

Plaintiff, a civil commitment patient at Coalinga State Hospital in Coalinga, California, alleges that Defendants Pam Ahlin, Dr. Timothy Grace, Tonya Horn, a Doe psychiatrist, and Doe psychiatric technicians failed to protect him from physical harm and retaliation at the hands of another detainee.  Plaintiff also alleges that a Doe clerk for Fresno County Superior Court failed to file his request for a temporary restraining order against the detainee threatening him.

### B.    Failure to Protect Plaintiff From Harm

#### 1.    Legal Standard

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement, and Plaintiff has a right to personal safety while in state detention.  *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).  A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." *Youngberg*, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised.  *Id.* at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible

actually did not base the decision on such a judgment." *Id.* at 322-23; *compare Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the *Youngberg* standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

### 2. Findings

Plaintiff was physically attacked and injured by another detainee in December 2011, and he alleges the attack resulted from the failure of staff to comply with the hospital policy requiring that psychiatric technicians accompany unit patients to the dining hall and remain there until the last patient leaves. Plaintiff alleges that Defendants have failed to take steps to ensure his personal safety and have failed to stop the other detainee from retaliating against him.

While Plaintiff is entitled to personal safety, his conclusory allegations fall short of supporting a plausible claim for relief. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. There are insufficient facts pled from which the Court may find that Defendants failed to exercise professional judgment, and the mere failure to follow a state policy will not support a constitutional claim under section 1983. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).

### C. Claim Against Court Clerk

Plaintiff alleges that a Doe clerk with Fresno County Superior Court refused to allow him to file a request for a temporary restraining order. However, Plaintiff's request for a temporary restraining order bears a court case number, which contradicts his allegation that it was not filed. (Comp., Ex. 3.)

Furthermore, because the commencement of a legal action is a basic and integral part of the judicial process and such filing is done through the clerk of the court and deputy clerks, the clerk is entitled to quasi-judicial immunity, which bars Plaintiff's claim. *Mullins v. U. S. Bankruptcy Court for Dist. of Nevada*, 828 Fed. 1385, 1390 (9th Cir. 1987) (quotation marks omitted); *see also In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (noting extension of quasi-judicial immunity to court clerks and other non-judicial officers).

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Further, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Ewing*, 588 F.3d at 1235.

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

4

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   April 9, 2013                              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE